## S. L. IVEY v. THE STATE.

No. 8186. Decided March 5, 1924.

**1.—Transportation of Intoxicating Liquor—Charge of Court—Accomplice—Principals.**

Upon trial of transporting intoxicating liquor there was no error in charging on accoomplice's testimony, as the same was favorable to appellant, and it was also proper to charge upon the issue of principals.

**2.—Same—Election by State—One Transaction.**

Upon trial of transporting intoxicating liquor, there was no error in refusing to require the State to elect upon which one of the transactions it would rely for a conviction under the facts of the instant case, the same showing that it was but one continuous transaction.

Appeal from the District Court of Potter. Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor, punishment assessed being one year in the penitentiary.

The indictment contained two counts, the first charging possession of intoxicating liquor for the purpose of sale, and the second charging the transportation of such liquor. The second count only was submitted to the jury.

F. O. White and wife lived next door to appellant in the city of Amarillo. About April 14th, 1923 Mrs. White saw an automobile in the alley back of appellant's residence, and saw him remove a jug therefrom and carry it into his residence, attempting at the time to hide it under his coat. The circumstances aroused her suspicions which she communicated to her husband, and he in turn reported it to the officers. About thirty minutes later a search of appellant's house was made, and a two gallon jug half full of corn whisky and some alcohol in other containers were discovered. Upon entering the house the officers asked, ''Where is that jug of whisky?'' to which appellant replied, ''How much will it take for you not to find that jug?'' After the foregoing facts were developed upon the trial the State placed upon the witness stand one Tom Henson whose testimony, in substance, was that he and appellant were walking near the county farm and by accident found by the side of the public road in a trash and manure pile the jug of whisky and alcohol which he identified as the liquor later found by officers in appellant's house. Witness admits that the liquor was moved from where he claims he and appellant found it to a point in a pasture where it was by them covered up with straw, but he denied moving or helping to move the same to appellant's residence.

Paragraph two of the court's charge is an instruction relative to principals, and paragraph four is a charge upon accomplice testimony relative to the witness Henson. The criticism of the charge relative to these two matters is not well founded. Henson's testimony raised the issue of principals in so far as his action with appellant were concerned, and the charge on accomplice witnesses was favorable to appellant.

Bill of exception number three has been carefully examined and in our opinion presents no error.

Bills two, four and five relate to the same matter and may be considered together. It appears to have been appellant's contention that the evidence of Mrs. White and of Henson showed two separate transactions or ''transportations,'' and that after Mrs. White had testified to the facts heretofore set out the court was in error in permiting the State to develop from Henson the facts stated by him relating to the discovery and movement of the liquor in question as being the proof of another and separate offense. In pursuance of this

contention appellant requested the court to require the State to elect upon which one of the transactions it would rely for a conviction. It is to the admission of Henson's testimony and the refusal of the court to require an election that the three bills relate. The court committed no error in respect to either of the matters complained of. If Henson is to be believed the liquor discovered by him and appellant found its way from the point of discovery to appellant's house. If in fact it was removed by Henson and appellant to a point in the pasture and there concealed, appellant evidently returned and transported it from there to his residence. So far as appellant is concerned the transportation does not appear to have been completed until it landed in his house, although it may have been interrupted by concealing it temporarily in the pasture. Mrs. White testified that other men were in the automobile at the time appellant was seen taking the jug into his house, although she did not recognize them. The jury was not bound to believe that the inception of the transportation was in truth as testified to by Henson, nor compelled to accept his statement that he had no knowledge of the liquor further than their reconcealment of it in the pasture. In view of his entire evidence the jury might well have reached the conclusion that he was connected with the whole transaction up to the point where it arrived at appellant's residence. We do not conceive the facts to present a case where it was necessary for the court to require the State to make an election.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*